### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**TRAVON HIGGINS**                                                     **PLAINTIFF**
**ADC #178966**

**v.**                             **No: 2:25-cv-00096-JM-PSH**

**STEPHEN LANE**                                                     **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I.  Introduction

Plaintiff Travon D. Higgins filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 19, 2025, while incarcerated at the Arkansas Division of Correction's East Arkansas Regional Unit (Doc. No. 2).  He alleges that defendant Stephen Lane used excessive force against him during a strip search on May 7, 2025.  Doc. No. 2

at 4.  Higgins has been granted permission to proceed *in forma pauperis* (Doc. No. 5).  As explained below, Higgins' complaint should be dismissed on screening[1] because it is clear from the face of his complaint that he failed to exhaust his administrative remedies before filing this action.

## II.  Discussion

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983.  *See* 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").  An inmate need only exhaust *available* administrative remedies.  *Booth v. Churner,* 532 U.S. 731 (2001).  The Supreme Court in *Booth v. Churner* held that "exhaustion is required where administrative remedies are available even if the available

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

administrative remedies do not provide the precise, or full, relief sought."  532 U.S. 731, 738–39 (2001).

While failure to exhaust is an affirmative defense that "inmates are not required to specially plead or demonstrate" in their complaints, a court may dismiss a prisoner's § 1983 complaint when it is apparent from the face of the complaint that the proposed claim has not been exhausted.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (explaining that an affirmative defense can be a ground for a dismissal for failure to state a claim when the allegations in the complaint sufficiently establish that ground); *Anderson v. XYZ Corr. Health Services, Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005) (stating that *sua sponte* dismissal for failure to exhaust is appropriate if the failure to exhaust is apparent on face of complaint); and *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Under *Jones*, however, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

The PLRA required Higgins to use the ADC's requirements for raising and administratively exhausting his claims, if available, before bringing this action.  On his form § 1983 complaint, Higgins checked "Yes" in response to whether he filed a grievance presenting the facts alleged in the complaint.  Doc. No. 2 at 3.  He also checked "Yes" in response to whether he had "completely exhaust[ed] the grievance(s) by appealing to all levels within the grievance procedure." *Id.*  Higgins

added: "Seeking preliminary injunction grievance process ongoing" and "Plaintiff is the process of exhausting available remedies on force plaintiff toward filling complaint on behalf of defendant ongoing repeated violations." *Id.* at 3-4. Higgins does not assert that the ADC's grievance procedure was unavailable to him.[2]

Higgins dated his complaint May 13, 2025, and it was filed on May 19, 2025. Higgins states that he initiated the grievance process but did not complete it. Based on the face of Higgins' complaint, it is clear that Higgins failed to fully exhaust his administrative remedies regarding his excessive force claim *before* filing this lawsuit. Accordingly, this lawsuit should be dismissed without prejudice.

## III.    Conclusion

For the reasons stated herein, the undersigned recommends that Higgins' complaint be dismissed without prejudice for failure to exhaust available administrative remedies.

IT IS SO RECOMMENDED this 4th day of June, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] A plaintiff must also exhaust available administrative remedies before obtaining injunctive relief. *See e.g., Gakuba v. Jeffreys,* No. 19-CV-01081-SMY, 2020 WL 1248295, at *2 (S.D. Ill. Mar. 16, 2020) (finding that plaintiff was not entitled to a preliminary injunction because he cannot establish a likelihood of success on his claim if he has not exhausted his available administrative remedies); *Endicott v. Allen*, No. 2:17-CV-29-DDN, 2019 WL 480014, at *5 (E.D. Mo. Feb. 7, 2019) (finding that plaintiff had not demonstrated a likelihood of success on the merits where it appeared defendants were likely to at least partially succeed with a defense that plaintiff had failed to exhaust his claims).